UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-60904-RAR

ARREGOITIA CONSUEGRA,

      Petitioner,

v.

JUAN A. LOPEZ VEGA, *in his official*
*capacity as Assistant Field Office Director,*
*ICE Officer in Charge of Broward Transitional*
*Center*, *et al.*,

      Defendants.

_____/

## ORDER TO SHOW CAUSE

**THIS CAUSE** comes before the Court upon *sua sponte* review of the docket.  On April 6, 2020, Petitioner filed an Emergency Petition for Writ of Habeas Corpus [ECF No. 1] ("Petition"). Pursuant to 28 U.S.C. section 2241, Petitioner alleges constitutional violations under the Fifth Amendment Due Process Clause.  Specifically, Petitioner asserts she is a detainee at Broward Transitional Center ("BTC") and BTC has failed to adequately protect her from the COVID-19 pandemic given Petitioner's purported health conditions.  The Court recently addressed a substantially similar constitutional confinement claim in *Corona Matos v. Lopez Vega*, No. 20-60784, ECF No. 25, (S.D. Fla. May 6, 2020) ("Order Denying Emergency Petition for Writ of Habeas Corpus and Injunctive Relief").  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that on or before **May 11, 2020**, Petitioner shall address how this case is distinguishable from the analysis applied in *Corona Matos* as to the following issues:  (1) subject matter jurisdiction; (2) conditions of confinement claims under the Fifth Amendment Due Process Clause; and (3) the relief requested in light of *Gomez v. United States*,

899 F.2d 1124, 1126 (11th Cir. 1990) ("The appropriate Eleventh Circuit relief from prison conditions . . . is to require the discontinuation of any improper practices . . . [it] does not include release from confinement.").

**DONE AND ORDERED** in Fort Lauderdale, Florida this 6th day of May, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**