UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-60904-RAR

YADIRA ARREGOITIA CONSUEGRA,

       Petitioner,

v.

JUAN A. LOPEZ VEGA, *in his official*
*capacity as Assistant Field Office Director,*
*ICE Officer in Charge of Broward Transitional*
*Center*, *et al.*,

       Respondents.

_____/

## ORDER ADMINISTRATIVELY CLOSING CASE

**THIS CAUSE** is before the Court on Petitioner's Amended Emergency Petition for Writ of Habeas Corpus [ECF No. 9] ("Amended Petition") and Respondents' Status Report [ECF No. 14]. The Court conducted a telephonic status conference to discuss the Amended Petition, as well as the procedural posture of this matter, on May 26, 2020. *See* Order Setting Expedited Briefing Schedule and Setting Telephonic Hearing [ECF No. 7]. The Court having heard from all parties, and carefully reviewed the file, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Although it is undisputed that Petitioner has been detained for more than 180 days, Petitioner has not "provide[d] evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas v. Davis,* 533 U.S. 678, 701 (2001) (finding post-removal detention of six months presumptively constitutional; requiring alien to provide a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" for relief from detention after six months; and thereafter, switching

burden to the Government to rebut that showing); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("[I]n order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.").  As discussed at the Hearing, Respondents have attempted to remove Petitioner several times amid the COVID-19 pandemic.  More importantly, Respondents are currently attempting to place Petitioner on a flight to Cuba sometime in June 2020, and the Cuban government "has represented that it will accept flights in June."  *See* Decl. Juan A. Lopez Vega [ECF No. 14-1] ¶ 5.

2.        Accordingly, Respondents shall continue to undertake all reasonable efforts to ensure Petitioner is promptly removed from the United States as currently planned and transported to Cuba by either a commercial flight or an ICE charter, whichever is first available.

3.        The above-styled action is administratively **CLOSED** without prejudice to the parties to file a *Motion to Reopen* if Petitioner is not removed as planned from the United States by **July 5, 2020**.

4.        The parties shall file a **joint** status report, **every fourteen (14) days** beginning on **June 11, 2020**, advising the Court of the status of this action and the efforts taken by the parties to remove Petitioner.  Should Petitioner successfully board a commercial flight or an ICE charter, Respondents shall *immediately* file a notice advising the Court.

5.        Any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 29th day of May, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record